# EXHIBIT 1

⚠️ Caution
As of: December 9, 2020 5:15 PM Z

# Scrap Yard, LLC v. City of Cleveland

United States District Court for the Northern District of Ohio, Eastern Division

September 6, 2011, Filed

CASE NO. 1:10 CV 2465

**Reporter**
2011 U.S. Dist. LEXIS 99926 *; 2011 WL 3900571

THE SCRAP YARD, LLC, et al., Plaintiffs, -vs- CITY OF CLEVELAND, et al., Defendants.

**Subsequent History:** Affirmed by Scrap Yard v. City of Cleveland, 2013 U.S. App. LEXIS 2321 (6th Cir.), 2013 FED App. 115N (6th Cir.) (6th Cir. Ohio, 2013)

**Prior History:** Scrap Yard, LLC v. City of Cleveland, 2011 U.S. Dist. LEXIS 103716 (N.D. Ohio, June 23, 2011)

## Core Terms

Plaintiffs', amend, allegations, shareholder, counts, request for leave, factual allegations, motion to dismiss, immune, zoning

## Case Summary

**Overview**
The case involved a dispute over zoning code compliance between a limited liability company (LLC), which owned property, and its owners and a city and certain of its officials. The vague and conclusory allegations of nefarious action by the city officials were not well-pleaded, and were therefore insufficient to plausibly suggest an entitlement to relief. In addition, the city did not enforce compliance with the zoning code, the owners of the LLC lacked standing to maintain the action, the unlawful taking of property claim was not ripe, and the city was immune from state law tort claims.

**Outcome**
The complaint was dismissed, but without prejudice as to the takings claim. The court denied the LLC's and its owners'' request for leave to amend the complaint.

## LexisNexis® Headnotes

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

**HN1[⬇]  Motions to Dismiss, Failure to State Claim**

A court's task, in addressing a Fed. R. Civ. P. 12(b)(6) motion, is to consider the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief. Pursuant to this standard, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Although the complaint need not contain detailed factual allegations, Rule 8(a)(2) demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the

elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim is plausible on its face if the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility is not the same as probability, but rather asks for more than a sheer possibility that a defendant has acted unlawfully.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

*HN2*[ ]  **Motions to Dismiss, Failure to State Claim**

The general rule is that a court must accept as true all allegations in a complaint, but the rule is inapplicable to legal conclusions. This means that conclusory recitals of the elements of a claim, including legal conclusions couched as factual allegations, will not suffice. Where the face of a complaint does not otherwise set forth a plausible claim for relief, a court looks for more concrete allegations. Plausibility is a context-specific inquiry, and the allegations in the complaint must permit the court to infer more than the mere possibility of misconduct, namely, that the pleader has shown entitlement to relief. *Fed. R. Civ. P. 8(a)(2)*.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

*HN3*[ ]  **Motions to Dismiss, Failure to State Claim**

A plaintiff's complaint must contain factual allegations robust enough to raise their right to relief above the speculative level.

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

Governments > Local Governments > Claims By & Against

Governments > Federal Government > Claims By & Against

Governments > Local Governments > Employees & Officials

Governments > State & Territorial Governments > Claims By & Against

*HN4*[ ]  **Complaints, Requirements for Complaint**

Damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.

Governments > Local Governments > Claims By & Against

Governments > Federal Government > Claims By & Against

Governments > Local Governments > Employees & Officials

Governments > State & Territorial Governments > Claims By & Against

*HN5*[ ]  **Local Governments, Claims By & Against**

Liability attaches to the officials responsible for final policy decisions in an instance of custom or policy.

Business & Corporate Law > ... > Actions Against Corporations > Standing > General Overview

Civil Procedure > ... > Justiciability > Standing > Third Party Standing

Business & Corporate Law > ... > Actions Against Corporations > Derivative Actions > Procedural Matters

**HN6**[⬇]  **Actions Against Corporations, Standing**

Shareholders and corporate officers do not, by virtue of their office, have standing to assert claims based on injury to the corporation. A shareholder may maintain an individual action in his or her own right only where the shareholder suffers an injury separate and distinct from that suffered by other shareholders.

Civil Procedure > ... > Justiciability > Ripeness > General Overview

Real Property Law > Inverse Condemnation > Procedures

Civil Procedure > Special Proceedings > Eminent Domain Proceedings > Process

Civil Procedure > Special Proceedings > Eminent Domain Proceedings > State Condemnations

**HN7**[⬇]  **Justiciability, Ripeness**

An action for an unlawful taking is not ripe for adjudication where the plaintiffs have not pursued the available state remedies.

Civil Procedure > Special Proceedings > Eminent Domain Proceedings > Process

Real Property Law > Inverse Condemnation > Procedures

Civil Procedure > Special Proceedings > Eminent Domain Proceedings > State Condemnations

**HN8**[⬇]  **Eminent Domain Proceedings, Process**

In Ohio, a constitutionally adequate remedy for an alleged unconstitutional taking is to pursue a mandamus action and seek just compensation. Until the State of Ohio fails to provide adequate compensation for a taking, the State's action is not complete.

Constitutional Law > Bill of Rights > Fundamental Rights > Eminent Domain & Takings

**HN9**[⬇]  **Fundamental Rights, Eminent Domain & Takings**

The *Fifth Amendment* does not prohibit the taking of property; it prohibits the taking without just compensation.

Governments > Local Governments > Claims By & Against

Real Property Law > Zoning > General Overview

Torts > ... > Liability > State Tort Claims Acts > Exclusions From Liability

Torts > Public Entity Liability > Immunities > Qualified Immunity

**HN10**[⬇]  **Local Governments, Claims By & Against**

*Ohio Rev. Code Ann. § 2744.01(C)(2)(p)* specifically defines the provision or non-provision of inspection services of all types, including zoning and the taking of actions in connection with those types of codes as a governmental function in which statutory immunity might extend.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Motions to Dismiss

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

**HN11**[⬇]  **Motions to Dismiss, Failure to State Claim**

A bare request in an opposition to a motion to dismiss — without any indication of the particular grounds on which amendment is sought — does not constitute a motion within the contemplation of *Fed. R. Civ. P. 15(a)*.

**Counsel:** [*1] For The Scrap Yard, LLC, doing business as Cleveland Scrap, Allen Youngman, Jacob Youngman, Plaintiffs: Diane A. Calta, Law Office of Joseph W. Diemert, Cleveland, OH.

Case 1:20-cv-00395-HYJ-RSK   ECF No. 22-1, PageID.344   Filed 12/09/20   Page 5 of 9

Page 4 of 8
2011 U.S. Dist. LEXIS 99926, *1

For City of Cleveland, Mayor Frank Jackson, David Cooper, Defendants: Stacey E. Fernengel, LEAD ATTORNEY, Thomas J. Kaiser, City of Cleveland, Department of Law, Cleveland, OH.

**Judges:** Lesley Wells, UNITED STATES DISTRICT JUDGE.

**Opinion by:** Lesley Wells

## Opinion

MEMORANDUM OF OPINION AND ORDER OVERRULING PLAINTIFFS' MOTION IN OPPOSITION, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING PLAINTIFFS' REQUEST FOR LEAVE TO AMEND THEIR COMPLAINT.

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This case involves a long-standing dispute over zoning code compliance between Cleveland Scrap, LLC, its owners and the City of Cleveland and certain named City officials. (Doc. 1). This matter was referred to Magistrate Judge Nancy A. Vecchiarelli for a Report and Recommendation ("R&R") on a motion to dismiss the Complaint, pursuant to *Fed. R. Civ. P. 12(b)(6)*, brought by defendants City of Cleveland ("Cleveland" or "the City"); Frank Jackson ("Jackson"), the Mayor of Cleveland, and David Cooper ("Cooper", the Chief Building Official for Cleveland. (Doc. **[*2]** 8). Plaintiffs The Scrap Yard, LLC ("Cleveland Scrap"), Allen Youngman ("A. Youngman"), and Jacob Youngman ("J. Youngman") filed their brief in opposition. (Doc. 9). Plaintiffs assert six claims in their Complaint: (1) an allegation of violation of due process under *42 U.S.C. § 1983*; (2) a *§ 1983* claim alleging deprivations of liberty, health, safety, privacy, and welfare; (3) an unlawful taking of property; (4) tortious interference with property rights under Ohio law; (5) negligence under Ohio law; and, (6) frivolous conduct under Ohio law. (Doc. 1).

In a reasoned and comprehensive R&R, Magistrate Judge Vecchiarelli advised granting the Defendants' *Rule 12(b)(6)* motion to dismiss the Complaint with prejudice as to counts one, two, four, five and six, granting dismissal of count three without prejudice as not ripe, and dismissing Plaintiffs A. Youngman and J. Youngman as parties for lack of standing. (Doc. 12). The Plaintiffs filed a timely response in which they level seven objections and request the Court to allow for an opportunity to amend the Complaint. (Doc. 13). Defendants filed a timely reply brief. (Doc. 14). The matter is now ripe for consideration.

The Court will address **[*3]** each of the Plaintiffs' objections in seriatim. The procedural and factual record is well presented in Magistrate Judge Vecchiarelli's R&R and will not be repeated here, except where necessary to apply the instant facts to the legal point under consideration. For the reasons discussed below, the Court overrules the Plaintiffs' objections and adopts Magistrate Judge Vecchiarelli's R&R. In addition, the Plaintiffs' request for leave to amend their Complaint will be denied.

**A. Whether the R&R Applied an Unreasonably Heightened Pleading Standard.**

Plaintiffs contend the R&R relies upon an unreasonably heightened pleading standard to find grounds for the dismissal of their claims against Cooper and Jackson (first, second, fourth, fifth, and sixth claims). (Doc. 13, pp. 1-2). While acknowledging that Twombly "did raise the pleading standard to require 'enough facts to state a claim to relief that is plausible on its face,' the Plaintiffs assert that the United States Supreme Court's decision in *Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)* requires the Complaint to only "give the defendant notice of the essence of the plaintiff's claim with sufficient clarity to enable the defendant to answer." **[*4]** (Doc. 13, p. 2 citing *Erickson, 551 U.S. at 93*).

*HN1*[ ] The Court's task, in addressing a *Rule 12(b)(6)* motion, is to "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal, 556U.S.662 , 129 S.Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009)*. Pursuant to this standard, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P. 8(a)(2)*. Although the complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly, 550*

U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949. As the Supreme Court explained in Iqbal: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Following Twombly and Iqbal, it is well settled that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. [*5] (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556, 127 S.Ct. 1955). Plausibility is not the same as probability, but rather "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (stating that factual allegations "merely consistent with liability stop[ ] short of the line between possibility and plausibility").

The R&R maintained fidelity to the pleading standards established in the Twombly, Iqbal, Erickson line of cases. The R&R adopted HN2[↑] the general rule that the court must accept as true all allegations in the complaint, but that the rule is inapplicable to legal conclusions. This means that conclusory recitals of the elements of a claim, including legal conclusions couched as factual allegations, will not suffice. Where the face of a complaint does not otherwise set forth a plausible claim for relief, the Court looks for more concrete allegations. See Weisbarth v. Geauga Park Dist., 499 F.3d 538, 542 (6th Cir. 2007). Plausibility [*6] is a context-specific inquiry, and the allegations in the complaint must permit the court to infer more than the mere possibility of misconduct, namely, that the pleader has "show[n]" entitlement to relief. Fed.R.Civ.P. 8(a)(2) The R&R recognized that the HN3[↑] Plaintiffs' Complaint must contain factual allegations robust enough to raise their right to relief above the speculative level. (Doc. 12, pp. 7-9). The Court finds the R&R relied upon the proper pleading standard in rendering its recommendation.

**B. Whether the Plaintiffs Stated a Cause of Action Against Defendants Cooper and Jackson.**

In bringing both state and federal claims against Cooper and Jackson, the Plaintiffs allege the Defendants — Chief Building Official for the City of Cleveland and the Mayor of the City of Cleveland, respectively — "acting under color of law" "violated clearly established federal law and recovery based upon the facts set forth in this complaint. . . " (Complaint Doc. 1, ¶¶ 32, 33; Doc. 13, pp. 2-4). The R&R reviewed the Complaint and dismissed the claims against Cooper and Jackson. As to the federal constitutional allegations brought under § 1983 (Counts one and two), the R&R found the Plaintiffs failed [*7] to allege the violations — the "particular facts that demonstrate what Cooper and Jackson did" — with the required specificity so carefully enunciated by the Sixth Circuit in its decision in Lanman v. Hinson, 529 F.3d 673, 684 (6th Cir. 2008). (Doc. 12, p. 10). Further, the R&R relied upon Twombly to dismiss the § 1983 claims against Cooper and Jackson because the Complaint failed to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. As to the Plaintiffs' state tort claims against Cooper and Jackson (Counts four, five, and six), the R&R found the Complaint failed to allow the court to draw the reasonable inferences necessary to consider the allegations that Cooper and Jackson tortiously interfered with Plaintiffs' property rights, negligently damaged Plaintiffs, or injured Plaintiffs through their frivolous conduct. (Doc. 12, p. 16). As a consequence, the R&R advised dismissing Counts one, two, four, five, and six against Cooper and Jackson.

Relying upon Erickson, the Plaintiffs maintain, in opposition to the R&R, that "specific facts are not necessary" in their pleading but that they may in their § 1983 claims, instead, rely upon [*8] merely alleging a deprivation of right from one acting under color of state law. (Doc. 13, p. 2). Further, the Plaintiffs contend the R&R should not have relied upon the Sixth Circuit's decision in Lanham, requiring specificity in pleading constitutional violations, because the case was before the Court on a motion for summary judgment. Finally, the Plaintiffs object to the need for specificity in their tort allegations against Cooper and Jackson. (Doc. 13, pp. 7-8).

In reviewing the Complaint, the Court concurs with the findings of the R&R. The Plaintiffs' vague and conclusory allegations of nefarious action by Cooper and Jackson, merely due to their positions within the City of Cleveland, are not well-pleaded, and are therefore insufficient to "plausibly suggest an entitlement to relief." Iqbal, 129 S.Ct. at 1951. The Plaintiffs' "naked assertion[s]" are conclusory and, as such, are not entitled to an assumption of truth. The Court finds this standard applicable both for the Plaintiffs' constitutional

and state tort law claims. Further, the Sixth Circuit has, without limit, established a standard for the factual specificity of constitutional claims, which standard is wholly unmet **[*9]** by the Plaintiffs' Complaint. See *Lanman v. Hinson, 529 F.3d 673, 684 (6th Cir. 2008)* (noting that HN4[↑] "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.")

### C. Whether the Plaintiffs Have Successfully Stated a Cause of Action Pursuant to § 1983 Against the City of Cleveland.

The R&R advises dismissing the Plaintiffs' § 1983 (counts one and two) claims against the City of Cleveland, pursuant to *Rule 12(b)(6)*. (Doc. 12, p. 11). The R&R finds the Plaintiffs' claims founded on "a single set of allegedly wrongful acts" and not, as they must, grounded on allegations that the violations occurred pursuant to the City of Cleveland's policy or custom. See *Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)*; *Garner v. Memphis Police Dep't*, 8 F.3d 358, 361, 363-64 (6th Cir. 1993).

In opposition, the Plaintiffs maintain that their § 1983 claims against the City of Cleveland did allege the necessary "custom or policy" in pointing to the City's efforts at zoning "code compliance". (Doc. 13, p. 5). Yet, as Magistrate Judge Vecchiarelli **[*10]** properly notes, the "Plaintiffs do not allege that Cleveland engaged in the conduct alleged in the complaint toward any other entities. Consequently, they have not alleged a "policy or custom," but rather described a single set of allegedly wrongful acts." (Doc. 12, p. 11). Further, under *Pembaur v. Cincinnati, 475 U.S. 469, 483, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)*, relied upon by the Plaintiffs in their opposition, HN5[↑] liability attaches to the officials responsible for final policy decisions in an instance of "custom or policy." In this instance, the Housing Court, and not the City of Cleveland, enforced compliance with the zoning code.

The Court finds the Plaintiffs' § 1983 claims against the City of Cleveland should be dismissed pursuant to *Rule 12(b)(6)*.

### D. Whether Plaintiffs Allen Youngman and Jacob Youngman Have Standing to Bring the Present Action.

Magistrate Judge Vecchiarelli advises dismissing Plaintiffs A. Youngman and J. Youngman from the suit for lack of standing. (Doc. 12, pp. 16-18). The R&R finds the Plaintiffs have not alleged sufficient facts to demonstrate they have standing to assert a claim for relief as individuals pursuant to Iqbal. *Iqbal, U.S. at , 129 S.Ct. at 1949* (quoting *Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929(2007))*.

In **[*11]** their opposition, Plaintiffs assert that Allen and Jacob Youngman suffered separate and distinct injury because they personally guaranteed the debt of Cleveland Scrap. (Doc. 13, p. 9). Plaintiffs rely upon *Konica Minolta Bus. Solutions, USA, Inc. v. Allied Office Prods., Inc., 724 F. Supp. 2d 861, 869 (S.D. Ohio 2010)*, to argue that a personal guarantee for a loan may suffice as the basis for an individual cause of action by a shareholder.

The Complaint identifies Allen Youngman as the majority owner and President of Cleveland Scrap (¶ 29) and Jacob Youngman as the minority shareholder and Vice-President of Cleveland Scrap (¶ 30). HN6[↑] Shareholder and corporate officers do not, by virtue of their office, have standing to assert claims based on injury to the corporation. See *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 603 (6th Cir. 1988)*. A shareholder may maintain an individual action in his or her own right only where the shareholder suffers an injury separate and distinct from that suffered by other shareholders. See *Gaff v. Federal Deposit Ins. Corp., 814 F.2d 311, 315 (1987)*.

However, the Complaint does not allege the Youngmans suffered a separate injury due to **[*12]** their status as loan guarantors of Cleveland Scrap, only that as "majority owner" and "minority shareholder," the two have "personally been damaged to an undetermined extent." Further, as the R&R noted, as creditors of Cleveland Scrap, the Youngman's recourse is to Cleveland Scrap, not to the Defendants. Finally, the Plaintiffs' reliance upon *Konica, supra*, is misplaced, as any alleged injury must be closely connected with the guarantee contract. See *Adair v. Wozniak, 23 Ohio St. 3d 174, 23 Ohio B. 339, 492 N.E.2d 426 (1986)*. In the case at bar, there is no allegation the Defendants breached any duty with regard to the Youngmans' personal obligations on the loan guarantees.

The Court finds that the Youngmans lack standing to

maintain this action against Defendants.

### E. Whether the Plaintiffs' Claim for Unlawful Taking of Property is Ripe.

Magistrate Judge Vecchiarelli recommended dismissing without prejudice the Plaintiffs' claim for an unlawful taking of property (count three), because the Plaintiffs have failed to exhaust their available state remedies. (Doc. 12, pp. 12-13). See *Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985)* (finding **HN7**[↑] an action for an unlawful taking not ripe for [*13] adjudication where the plaintiffs had not pursued the available state remedies). **HN8**[↑] In Ohio, a constitutionally adequate remedy for an alleged unconstitutional taking is to pursue a mandamus action and seek just compensation. See *Silver v. Franklin Township, 966 F.2d 1031, 1035 (6th Cir. 1992)*. Until the State fails to provide adequate compensation for a taking, the State's action is not complete. *J-II enterprises, LLC v. Board of Com'rs of Warren County, 135 Fed. Appx. 804, 2005 WL 1285640 (6th Cir. 18 May 2005)*.

The Plaintiffs, admittedly, have not pursued the requisite mandamus relief. Instead, they maintain that such relief is unnecessary because "even if a separate [mandamus] lawsuit were filed in state court, the Defendants would likely move for removal to this Court and seek jurisdiction under this Court's pendant jurisdiction." (Doc. 13, p. 10). Speculation will not gain the Plaintiffs any jurisdiction in this instance. **HN9**[↑] The *Fifth Amendment* does not prohibit the taking of property; it prohibits the taking without just compensation. See *Hensley v. Columbus, 557 F.3d 693, 695-96 (6th Cir. 2009)*. Without a state judgment on a mandamus action seeking just compensation, the alleged taking is not complete [*14] and this Court will not possess jurisdiction to entertain the question.

The Plaintiffs' allegation of taking property without just compensation (count three) will be dismissed without prejudice for lack of jurisdiction.

### F. Whether the City of Cleveland is Immune from the Plaintiffs' State Law Tort Claims.

The R&R advised that the City of Cleveland was immune from the Plaintiffs' state law tort claims under O.R.C. § 2744. (Doc. 12, pp. 13-15). In this instance, the alleged tortious acts were the result of the City's efforts to seek "code compliance" from Cleveland Scrap. (Complaint ¶¶ 2, 41). As a governmental function under *O.R.C. § 2744.01(C)(2)(p)*, the City is immune to the asserted tort liability unless an exception to immunity applies. None of the exceptions, *O.R.C. §§ 2744.02(B)(1)-(5)*, apply in this instance, nor do the Plaintiffs allege any exceptions.

Plaintiffs' contention, in response to the R&R, that the City's enforcement of zoning codes is a "proprietary function" and not a "governmental function" is not well taken. **HN10**[↑] The statute specifically defines "[t]he provision or nonprovision of inspection services of all types, including . . . zoning . . . and the taking of actions in [*15] connection with those types of codes" as a "governmental function" in which statutory immunity might extend. *O.R.C. § 2744.01(C)(2)(p)*.

Accordingly, the Court finds the Plaintiffs' allegations of tortious interference with property rights, negligence and frivolous conduct (counts four, five, and six) should and will be dismissed as to the City of Cleveland.

### G. Whether the Plaintiffs are Entitled to an Opportunity to Amend their Complaint.

For the first time, in their brief in opposition to Magistrate Judge Vecchiarelli's R&R, the Plaintiffs' request leave to amend their Complaint as a "usual practice" to amend any deficiencies in the pleadings. *PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 698, 91 Fed. Appx. 418 (6th Cir. 2004)*. (Doc. 13, p. 12).

The Plaintiffs' request for leave is not well taken. Plaintiffs rely upon PR Diamonds for the proposition that the "usual practice" is to grant plaintiffs leave to amend their complaint. In actuality, *PR Diamonds* denied the plaintiffs' leave to amend because the plaintiffs failed to file a motion to amend along with an accompanying brief. Instead, plaintiff PR Diamonds, much like the Plaintiffs in the instant case, merely requested an opportunity to amend their complaint [*16] in their brief opposing the defendant Chandler's motion to dismiss. *PR Diamonds, Inc., 364 F.3d at 699*. In the instant matter, the Plaintiffs waited even longer, penning their request for leave to amend only after opposing Magistrate Judge Vecchiarelli's R&R dismissing their entire case. Further, the instant Plaintiffs' request is absent any particular grounds on which to grant their leave aside from their representation that "Plaintiffs have valid claims which are entitled to redress." (Doc.

13, p. 12). As PR Diamonds, Inc., observed, *HN11*[ ] "a bare request in an opposition to a motion to dismiss — without any indication of the particular grounds on which amendment is sought — does not constitute a motion within the contemplation of *Rule 15(a)*." Id. (citations removed).

Further, upon review of the grounds for dismissing the Plaintiffs' Complaint, further amendment would be futile, as the Complaint's legal deficiencies could not be repaired through amendment.

Accordingly, the Plaintiffs' request for leave to amend their Complaint is denied.

## CONCLUSION

The Court grants the City's motion to dismiss the Plaintiffs' Complaint with prejudice as to counts one, two, four, five, and six. The Court dismisses **[*17]** the Plaintiffs' takings claim — count three — without prejudice. Plaintiffs A. Youngman and J. Youngman are dismissed as parties to this action for lack of standing. The court denies the Plaintiffs' request for leave to amend the Complaint. This matter is closed.

IT IS SO ORDERED.

/s/ Lesley Wells

UNITED STATES DISTRICT JUDGE

**End of Document**