UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE OLMETTI,

    Plaintiff,

v.

KENT COUNTY, et al.,

    Defendants.
_____/

Case No. 1:20-cv-395

Honorable Hala Y. Jarbou

**ORDER**

Plaintiff Lonnie Olmetti brings a suit under 42 U.S.C. § 1983 against many defendants for injuries he allegedly sustained while incarcerated at the Kent County Correctional Facility (KCCF). At issue here are the claims against a single Defendant: Joanne Sherwood, N.P. Sherwood moved to dismiss Olmetti's claims against her for failure to state a claim. (ECF No. 13.) Her motion was referred to a magistrate judge, who produced a Report and Recommendation ("R&R") recommending that Sherwood's motion be granted and Olmetti's claims be dismissed with prejudice. (ECF No. 18.) Olmetti objected to the R&R (ECF No. 20) and Sherwood filed a response (ECF No. 21). The Court will partially adopt and partially modify the R&R.

**I. Background**

The incident resulting in this lawsuit occurred while Plaintiff was being held as a pretrial detainee at KCCF. (Compl., ECF No. 1, PageID.3.) In November 2017, Olmetti was detained at KCCF pending a criminal charge of assault with intent to commit murder. (*Id.*) He was released on bond on March 23, 2018 and arrested again on March 25, 2018. (*Id.*) Olmetti went back to KCCF following his second arrest. (*Id.*) Plaintiff is an older man who suffers from a variety of

physical ailments. During his first incarceration from November 2017 to March 2018, Olmetti alleges that he received a mandatory lower bunk assignment due to his poor health. (*Id.* at PageID.4.) According to the complaint, his "booking records" following the second arrest indicated this prior health-related lower bunk assignment. (*Id.*) Though Olmetti initially had a lower bunk, on March 28, 2018, Sherwood "wrote an order to discontinue the lower bunk detail for Plaintiff." (*Id.* at PageID.5.) This is the only allegation specifically naming Sherwood. He was moved to a new cell the following day and given a top bunk. (*Id.*) On April 3, Olmetti fell from his top bunk and suffered serious injuries, including fractured ribs. (*Id.*) Plaintiff was taken to the hospital for treatment. Upon his return to the prison, unnamed defendants refused to let Olmetti wear or use medical equipment he had been given to treat his injuries. (*Id.*)

Olmetti brings five counts in his lawsuit, though Sherwood is only subject to three of them. Two claims, Counts I and II, allege Fourteenth Amendment violations for Sherwood's deliberate indifference to Olmetti's medical needs before and after his fall. Count IV brings a state law claim for gross negligence against Sherwood and others. Sherwood moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), contending that the single allegation explicitly detailing her conduct was insufficient to sustain any of the claims brought against her. The R&R agreed that Olmetti had failed to provide allegations sufficient to sustain Counts I and II against Sherwood, and concluded that Michigan law did not permit a claim for gross negligence against Sherwood under the circumstances.

## II. Standard

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### III. Analysis

Plaintiff raises five objections to the R&R.

**A. First Objection**

The R&R recommended dismissing Counts I and II because Plaintiff did not provide any allegations speaking to Sherwood's subjective intent behind her actions or omissions, which is required to succeed on either claim. (R&R 7.) The R&R noted that the only allegation mentioning Sherwood simply stated that she took Olmetti off his lower bunk detail; not that she was aware of any need for him to have such an accommodation.

Plaintiff argues that the standard for reviewing a 12(b)(6) motion required the magistrate judge to attribute certain general allegations to Sherwood specifically. Olmetti claims that the magistrate judge's failure to do so means that he did not view the complaint in the light most favorable to the Plaintiff. But, as the R&R pointed out, on a section 1983 claim, a "[p]laintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012). Hence, the various allegations cited by Plaintiff that describe actions of "Defendants" cannot be attributed to Sherwood. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with[out] distinction as to what acts are attributable to whom, it is impossible for

3

any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.")).

On the other hand, the complaint does state that "Plaintiff repeatedly made it known to Defendants and the corrections staff that he had severe back problems; that he had previously been assigned a lower bunk detail while at the KCCF; and again needed a lower bunk detail because of his serious back problems." (Compl. ¶ 24.) This allegation does not relate to something Defendants did, but rather something that Plaintiff himself did. *He* told Defendants that he had a medical need for a lower bunk. This is not an issue of ascribing the collective acts of multiple defendants to a single person. Olmetti alleges that he told all Defendants about his medical problems. He was not required to restate that allegation with respect to each Defendant. The allegation can be attributed to Sherwood: Olmetti told her that he had medical problems and needed a lower bunk detail and that he had received such an accommodation last time he was in KCCF.

**B. Second Objection**

Plaintiff argues that, properly accounting for the allegations that should be attributed to Sherwood, he has sufficiently alleged a Fourteenth Amendment violation and Count I should not be dismissed. He is correct. Count I claims that Sherwood was deliberately indifferent to Olmetti's medical needs when she removed his lower bunk assignment. "Deliberate indifference" normally arises in the Eighth Amendment context, but the "Due Process Clause of the Fourteenth Amendment operates to guarantee [Eighth Amendment protections] to pretrial detainees." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) (internal citation omitted).

Eighth Amendment claims require proof that the defendant "acted with a sufficiently culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation omitted). Here, the question is whether Sherwood was deliberately indifferent to Olmetti's needs. *See Wilson v. Steiner*, 501 U.S. 294, 302 (1991) (deliberate indifference standard applies to prisoner's

4

medical needs). Establishing deliberate indifference requires showing that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere "negligence in diagnosing or treating a medical condition" is insufficient and "Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interest or safety." *Id.* at 835 (internal quotation marks omitted).

As explained regarding the first objection, two allegations are leveled against Sherwood: (1) that Olmetti told her about his medical issues and need for a lower bunk, and (2) that she discontinued his lower bunk detail. Hence, Sherwood knew about Olmetti's medical needs. Drawing all inferences in favor of Plaintiff, Sherwood's actions in light of this knowledge constitute deliberate indifference rather than mere negligence. According to the allegations, Sherwood knew of and disregarded an excessive risk to Olmetti's health and safety. She did nothing to mitigate that known risk. Olmetti has alleged enough to satisfy the subjective element of a deliberate indifference claim. Count I will not be dismissed and the R&R's contrary recommendation is rejected.

**C. Third Objection**

Plaintiff's third objection relates to Count II and is based on the same argument he made against dismissing Count I. Count II alleges a Fourteenth Amendment violation based on the prison conditions Olmetti was subjected to after he returned from the hospital. Inhumane prison conditions are prohibited by the Eighth Amendment, and the Fourteenth Amendment extends those protections to pretrial detainees. Here, however, no actions can be attributed to Sherwood. The complaint alleges specific actions by Sherwood before Olmetti's injury, but makes no allegations

against Sherwood after his fall. As stated previously, the various allegations cited by Plaintiff that describe actions of "Defendants" cannot be attributed to Sherwood. *Marcilis*, 693 F.3d at 596.

Count II cannot be sustained against Sherwood without any allegations about what she did or failed to do after Olmetti returned from the hospital. The R&R properly recommended dismissal of Count II.

### D. Fourth Objection

Plaintiff objects to the R&R's conclusion that gross negligence is not a viable cause of action against Sherwood under Michigan law. Olmetti is incorrect, but his claim should not be dismissed.

Olmetti cites to a recent unpublished Michigan Court of Appeals case, *Jackson v. Lubelan*, No. 350239, 2020 WL 5496088 (Mich. App. Sept. 10, 2020) and a Sixth Circuit case, *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543 (6th Cir. 2009), to prove his point. His reliance is misplaced. As is clear in *Jackson*, gross negligence is not a cause of action but instead a threshold to immunity that must be cleared before governmental tort liability can be imposed. *Jackson*, 2020 WL 5496088, at *8 (central issue is whether "defendants are immune from tort liability as governmental employees because their conduct did not constitute gross negligence as a matter of law"). As the Sixth Circuit put it in *Dominguez*, "[g]overnment employees are immune [from tort liability] if . . . their conduct does not amount to gross negligence that is the proximate cause of the injury or damage." *Dominguez*, 555 F.3d at 552 (internal quotations omitted). "The governmental immunity statute does not itself create a cause of action called gross negligence." *Cummins v. Robinson Twp.*, 770 N.W.2d 421, 433 (Mich. App. 2009) (internal quotations omitted). Olmetti's arguments to the contrary are unavailing. "Gross negligence is not an independent cause of action in Michigan." *In re Flint Water Crisis*, 384 F. Supp. 3d 802, 871 (E.D. Mich. 2019) (citing *Xu v. Gay*, 668 N.W. 2d 166 (Mich. App. 2003)).

But just because gross negligence is not a cause of action does not mean that Olmetti has failed to properly plead a valid negligence claim. The Federal Rules of Civil Procedure do not require overly formal pleadings. A claim for relief is validly made if the complaint provides allegations: (1) establishing the court's jurisdiction; (2) showing that the plaintiff is entitled to relief; and (3) demanding such relief. Fed. R. Civ. P. 8(a). A claim does not fail simply because the plaintiff misnames the cause of action. Though "gross negligence" may not be a cause of action, negligence is. Count IV states a negligence claim. The allegations, if true, establish each element of a negligence claim against Sherwood.

Under Michigan law, the Court must examine the substance of Olmetti's allegations to determine whether they sound in malpractice rather than negligence. *Jones v. Corr. Med. Servs., Inc.*, 845 F. Supp. 824, 845 (W.D. Mich. 2012) (citing *Dorris v. Detroit Osteopathic Hosp. Corp.*, 594 N.W. 2d 455, 464 (Mich. 1999)). "[A] claim that defendant did nothing in response to a known risk is a matter of negligence, not malpractice." *Id.* at 846 (citing *Bryant v. Oakpointe Villa Nursing Ctr.*, 684 N.W. 2d 864, 875 (Mich. 2004)). The heart of Olmetti's claim against Sherwood is that he told her of his need for a lower bunk because of his health problems and she failed to provide one. Taking his allegations as true, Sherwood did nothing in response to the known risk of Olmetti's conditions.

The R&R improperly concluded that Count IV should be dismissed. The exact name Plaintiff gave to his cause of action does not defeat his claim. There is no such thing as a claim for gross negligence, but negligence alone is a real cause of action. Olmetti has sufficiently pled such a claim in Count IV; it should not be dismissed.

**E. Fifth Objection**

Finally, Plaintiff objects to the magistrate judge's recommendation that the claims against Sherwood be dismissed with prejudice. Olmetti argues that if the claims are to be dismissed, they

7

should be dismissed without prejudice and he should be given a chance to amend his pleadings. Because Counts I and IV will not be dismissed, this objection will only be analyzed with respect to Count II.

"A 'dismissal for failure to state a claim under [12(b)(6)] is a judgment on the merits' and is therefore done with prejudice." *Pratt v. Ventas, Inc.* 365 F.3d 514, 522 (6th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3). However, "'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2004) (quoting *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)). Nevertheless, dismissal with prejudice is appropriate where a plaintiff had sufficient notice that the complaint was deficient and an adequate opportunity to cure those deficiencies. *Id.*

The magistrate judge expressly noted that he recommended dismissal with prejudice because Olmetti did not "suggest any amendments to his complaint which would cure" the identified deficiencies. (R&R 9 n.6.) *See Begala v. PNC Bank, Ohio N.A.*, 214 F.3d 776, 784 (6th Cir. 2000) (plaintiff denied leave to amend for failure to file motion to amend accompanying request to amend in opposition brief). Even after the R&R was issued, Olmetti never attempted to amend his complaint. *See Scrap Yard, LLC v. City of Cleveland*, No. 1:10-CV-2465, 2011 WL 3900571, at *6 (N.D. Ohio Sept. 6, 2011) (dismissal with prejudice where plaintiff simply requested opportunity to amend without accompanying motion or explanation of how deficiencies would be cured, and only after R&R recommended dismissal). His objections do not suggest any amendments that would cure the deficiencies relating to Count II. Plaintiff had notice of the complaint's deficiencies and several opportunities to try to cure them. He has not seized any of

those opportunities.  His objection is denied and Count II against Sherwood will be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 18) is **ACCEPTED** and **ADOPTED** with respect to its recommended dismissal of Count II and that the claim should be dismissed with prejudice.  Its recommendations regarding Counts I and IV are **REJECTED**.

**IT IS FURTHER ORDERED** that Defendant Sherwood's motion to dismiss (ECF No. 13) is **GRANTED** with respect to Count II but **DENIED** with respect to Counts I and IV.

**IT IS FURTHER ORDERED THAT** Count II against Defendant Sherwood is **DISMISSED WITH PREJUDICE**.

Dated:   December 31, 2020              /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        UNITED STATES DISTRICT JUDGE