UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE OLMETTI,

    Plaintiff,

v.

KENT COUNTY, et al.,

    Defendants.

_____/

Case No. 1:20-cv-395

Hon. Hala Y. Jarbou

## OPINION

The reviewing magistrate judge issued a Report and Recommendation (R&R, ECF No. 110) on July 1, 2022, recommending that the Court grant in part and deny in part Defendant Nurse Practitioner Joanne Sherwood's motion for summary judgment (ECF No. 74). In the alternative, the magistrate judge recommended granting the motion as to Defendant Sherwood's federal claims and dismissing the remaining state-law claim under 28 U.S.C § 1367. Before the Court are Plaintiff's objections (ECF No. 111) and Sherwood's partial objection (ECF No. 112) to the R&R. The Court will adopt the R&R in part and reject it in part.

### I.   BACKGROUND

Plaintiff was a pre-trial detainee in the Kent County Correctional Facility (KCCF) when he fell from an upper bunk and suffered several injuries. During a prior incarceration, Sherwood assigned Plaintiff to a lower-bunk detail due to acute exacerbations of his pre-existing health issues. These exacerbations were not present when Plaintiff returned to KCCF, so the detail was removed shortly before the fall. After the fall, Plaintiff was rushed to the hospital for treatment. As a part of the treatment, the hospital staff prescribed Plaintiff various medical equipment.

Complying with the recommended prescriptions, Sherwood ordered that Plaintiff receive the equipment when he returned to KCCF from the hospital.

Invoking 42 U.S.C. § 1983, Plaintiff brought numerous claims against Defendants, alleging violations of the Constitution and state law. At this point in the case, two claims remain against Sherwood: Plaintiff alleges that (1) both before and after Plaintiff's fall, Sherwood was deliberately indifferent to Plaintiff's serious medical needs by removing his lower-bunk detail and subsequently denying him medical treatment when he returned from the hospital in violation of the Fourteenth Amendment; and (2) Sherwood's negligence caused Plaintiff's fall and corresponding injuries.

The R&R recommended granting Sherwood's motion for summary judgment, finding that Sherwood was not deliberately indifferent to Plaintiff's medical needs, but recommended denying summary judgment on the negligence claim. In the alternative, the R&R recommended that the Court dismiss the remaining state-law negligence claim under 28 U.S.C. § 1367. Plaintiff advances nine objections to the R&R, while Sherwood objects to the denial of summary judgment on the negligence claim.

## II.  STANDARD

Under Rule 72 of the Federal Rules of Civil Procedure, the Court must review de novo the portions of the R&R to which objections have been properly made:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## III.    ANALYSIS

### A.  Plaintiff's First Objection

First, Plaintiff argues that the magistrate judge insufficiently set forth the facts of the case. Plaintiff does not dispute the accuracy of the facts as laid out by the magistrate judge, nor does he point to an error resulting from facts not stated. The magistrate judge thoroughly consulted several portions of the record throughout the R&R, including Plaintiff's Complaint. *See*, *e.g.*, (R&R ECF No. 110, PageID.2715-2721 (citing—extensively—nine different documents in the record).) Therefore, the Court will overrule Plaintiff's objection.

### B.  Plaintiff's Second Objection

Second, Plaintiff contends that the R&R applied the wrong analytical framework for Plaintiff's deliberate indifference claims. Specifically, Plaintiff argues for the application of the Fourteenth Amendment's modified framework for pretrial detainees, rather than the application of the Eighth Amendment analysis. The Court agrees that the appropriate standard to apply is under the Fourteenth Amendment, not the Eighth Amendment, because Plaintiff was a pretrial detainee.

Although the analysis for Eighth and Fourteenth Amendment deliberate indifference claims used to be identical, the Sixth Circuit recently modified the Fourteenth Amendment's deliberate indifference framework in *Brawner v. Scott County*, 14 F.4th 585 (6th Cir. 2021). The modified standard has three elements:

> (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

*Trozzi v. Lake Cnty.*, 29 F.4th 745, 757-58 (6th Cir. 2022).

Sherwood argues that *Trozzi* limited the application of the Fourteenth Amendment's new framework, holding that pre-*Brawner* conduct is properly analyzed under the old analysis.  (ECF

3

No. 115, PageID.3047.) That is, Sherwood maintains that because her alleged indifference occurred before *Brawner*, the pre-*Brawner* analysis applies. But this is a misreading of *Trozzi*.

In *Trozzi*, the Sixth Circuit held, in part, that pre-*Brawner* conduct is properly analyzed under pre-*Brawner* case law, but only for the clearly established law inquiry in the qualified immunity analysis. 29 F.4th at 761 ("Turning, then, to the clearly established inquiry, qualified immunity is appropriate unless the officer in question had 'fair notice' that her conduct was unlawful. . . . [W]e agree . . . that pre-*Brawner* case law . . . is the appropriate focus for determining what constitutional rights are clearly established."). Rather than decide whether a defendant's actions amounted to a constitutional violation, the Sixth Circuit decided the case on qualified immunity grounds, holding that the defendant did not violate a clearly established right based on pre-*Brawner* case law. *Id.*

The Court will sustain Plaintiff's objection on the use of the appropriate deliberate indifference standard.

### C. Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, and Eighth Objections

Next, Plaintiff makes several related objections. Ultimately, these objections require the Court to determine whether (1) a genuine dispute of material fact exists as to Sherwood's removal of Plaintiff's lower-bunk detail, (2) Sherwood was deliberately indifferent when she did not reinstate the detail, and (3) Sherwood was deliberately indifferent when Plaintiff returned to KCCF from the hospital.

#### 1. Removal of the Lower-Bunk Detail

In objections three and five, Plaintiff asserts that when viewed in the light most favorable to him, the record indicates that there is a genuine dispute about whether Sherwood removed Plaintiff's lower-bunk detail. Further, Plaintiff asserts that the magistrate judge did not look at the

4

record in the light most favorable to Plaintiff when determining that no reasonable jury could find that Sherwood removed his detail.  Yet Plaintiff does not simply ask the Court to view the record in the light most favorable to him.  Plaintiff asks the Court to inspect bite-sized bits of the record out of context.

Even though a Court must construe "the factual evidence and draw[] all reasonable inferences in favor of the nonmoving party," *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000), it must review the record as a whole—not in fragmented pieces to force unreasonable inferences.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Indeed, as the R&R set forth, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The record contradicts Plaintiff's assertion that Sherwood removed his lower-bunk detail.  Plaintiff's medical records indicate that Dr. Carol, not Sherwood, issued the order to remove Plaintiff's lower-bunk detail, and Nurse Furness, not Sherwood, entered this order.  (ECF No. 74-5, PageID.956; ECF No. 74-2, PageID.922.)  All deposition testimony regarding these medical records was consistent with the conclusion that Sherwood was not responsible for removing the lower-bunk detail.

Plaintiff provides no more "than a mere scintilla of evidence," *Hanover Insurance Co. v. American Engineering Co.*, 33 F.3d 727, 732 (6th Cir. 1995), to attempt to create a genuine dispute of material fact.  Plaintiff first asks this Court to consider a carefully crafted excerpt from Sherwood's deposition to suggest that her credibility is at question.

> Q. Okay.  Do you have an independent recollection if you authorized the ending of the low-bunk alert on March 28th, 2018 at 5:21?

>  A. No.

(Pl.'s Obj., ECF No. 111, PageID.2739 (quoting Sherwood Dep., ECF No. 83-1, PageID.1336).) Plaintiff then claims Sherwood "changed her testimony" when she later says "'I did not give that order and I did not write the order or enter it in the computer.'"  (*Id.*)

But when the deposition is read in its totality, under any light, it shows that she continued and was clarifying her immediately preceding testimony.

> Q. Okay.  Do you have an independent recollection if you authorized the ending of the low-bunk alert on March 28th, 2018 at 5:21?
>
> A. No.
>
> Q. Okay.  Do you have an independent recollection if you authorized the ending of the low-bunk alert on March 28th, 2018 at 5:21?
>
> A. No.
>
> Q. Okay.
>
> A. I did not give that order and I did not write the order or enter it in the computer.
>
> Q. But do you have an independent recollection if you verbally gave it?
>
> A. I did not.
>
> Q. Okay.  Do you know -- do you know who did?
>
> A. If I -- if it referred to the record, it looks like that was Dr. Carol that gave that order.

(Sherwood Dep., PageID.1336.)

In addition to this abridged portion of the deposition, Plaintiff points to a co-defendant's interrogatories which state that Sherwood or Furness *may* have removed Plaintiff's detail.  The interrogatories simply state it was possible that one of two people entered the removal.  The uncontroverted medical records and deposition testimony resolve that it was Nurse Furness.

6

In his fourth objection, Plaintiff argues that the magistrate judge improperly invoked Federal Rule of Evidence 1006.  Specifically, Plaintiff argues that a document summarizing Plaintiff's medical records from his stay at KCCF should not be excluded under Rule 1006. However, the document's author swore in an affidavit that the document inaccurately indicates that Sherwood removed Plaintiff's lower-bunk detail.  (ECF No. 106-2, PageID.2681-82.)  The document upon which Plaintiff relies to attempt to create a genuine issue of material fact is an inaccurate summary and thus inadmissible under Rule 1006.  *See United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998) (noting that "a summary document 'must be accurate'" to be admissible (citing *Gomez v. Great Lakes Steel Div., Nat'l Steel Corp.*, 803 F.2d 250, 257 (6th Cir. 1986))). The entire document is a summary of Plaintiff's medical records from his stay at KCCF, requiring the document to be accurate and consistent with these records.  Not only does the record blatantly contradict the document, but the document was sworn to be inaccurate by its author.  Furthermore, the document is inconsistent with every underlying medical record produced in discovery that show Sherwood did not remove the lower bunk-detail.

The Court agrees with the R&R that no reasonable jury could find that Sherwood removed Plaintiff's lower-bunk detail.

### 2. No Reinstatement of the Lower-Bunk Detail

In Plaintiff's sixth objection, he argues that the magistrate judge erred in finding that Sherwood's decision not to reinstate Plaintiff's lower-bunk detail was a medical judgment, which led to the conclusion that she was not deliberately indifferent.  The Court disagrees.

Even though the R&R applied the wrong deliberate indifference standard, the magistrate judge's conclusion that Sherwood was not deliberately indifferent is appropriate if her decision not to reinstate the lower-bunk detail was a medical judgment.  *See Westlake v. Lucas*, 537 F.2d

857, 860 (6th Cir. 1976); *see also Jones v. Corr. Med. Servs., Inc.*, 845 F. Supp. 2d 824, 842 (W.D. Mich. 2012) ("Where the defendant made a reasoned choice between two alternative treatments, considering the risk to the patient in doing so, the courts typically refuse to second-guess the doctor's judgment, even when the decision was in fact wrong.").[1]

In this respect, when a prisoner/detainee has a pre-existing medical condition, but the medical staff assesses this prisoner/detainee and determines that, in their medical judgment, this condition does not require a need for present treatment or accommodation, courts do not recognize a cognizable constitutional claim. *See Robbins v. Black*, 351 F. App'x 58, 62 (6th Cir. 2009); *see also Collins v. Warden, London Corr. Inst.*, No. 2:12-CV-1093, 2014 WL 1653130 at *9 (S.D. Ohio Apr. 23, 2014), *R&R adopted*, 2014 WL 2207706 (S.D. Ohio May 28, 2014); *Rosario v. Rambo*, No. 2:05-CV-91, 2005 WL 1610687 (W.D. Mich. July 1, 2005). And when medical staff assesses a prisoner/detainee and decides whether this prisoner/detainee qualifies for a lower-bunk detail, courts determine that this is a medical judgment. *See Robbins*, 351 F. App'x at 62; *see also Collins,* 2014 WL 1653130 at *9; *Rosario*, 2005 WL 1610687; *Gentry v. Corizon Health Inc.*, No. 1:19-CV-258, 2020 WL 4353241 at *6 (W.D. Mich. June 4, 2020), *R&R adopted*, 2020 WL 4346908 (W.D. Mich. July 29, 2020); *Mahaffey v. Buskirk*, No. 2:13-CV-14646, 2015 U.S. Dist. LEXIS 53418, at *11 (E.D. Mich. Mar. 30, 2015).

The magistrate judge appropriately concluded that Sherwood's decision not to reinstate the lower-bunk detail was an exercise of medical judgment. That Sherwood initiated the lower-bunk detail during Plaintiff's prior incarceration is undisputed. Sherwood started that detail because she

---

[1] Although the "medical judgment" inquiry was developed pre-*Brawner*, it is still relevant post-*Brawner*. *See Britt v. Hamilton Cnty.*, No. 21-3424, 2022 WL 405847, at *6 (6th Cir. Feb. 10, 2022) ("That we have relied on pre-*Brawner* cases for other aspects of the deliberate-indifference inquiry is hardly unusual. What would be unusual would be to assume that *Brawner* overruled all of these cases, even those that dealt with other issues and even those that relied on alternative grounds when they addressed the state-of-mind inquiry.").

evaluated Plaintiff and determined that he was experiencing alcohol withdrawals, a shoulder fracture, a slow gait, and acute exacerbations of pre-existing health conditions. And it is uncontroverted that Sherwood did not see Plaintiff displaying any of his previous symptoms of acute exacerbation during her medical evaluation when Plaintiff returned to KCCF. Indeed, as Sherwood's unrefuted testimony shows, Plaintiff "state[d] he [was] feel[ing] well" aside from a few "aches and pains." (ECF 74-6, PageID.1005.) In Sherwood's judgment—shared by Dr. Carol, who removed the detail—the medical reasons that previously justified Plaintiff's long-term detail were no longer present. Instead, he needed only a temporary detail for his alcohol withdrawal. Hence, Sherwood concluded that there was not a sufficient medical basis to reinstate the lower-bunk detail once the temporary detail was removed.

In his objection, Plaintiff presents two arguments. First, Plaintiff argues that the Court already addressed whether Sherwood made a medical judgment when it ruled on her motion to dismiss. Second, Plaintiff compares this case to *Asgaard v. County of Marquette*, No. 2:20-CV-00153, 2022 WL 708835 (W.D. Mich. Jan. 31, 2022), *R&R adopted*, 2022 WL 593596 (W.D. Mich. Feb. 28, 2022). These arguments are unavailing.

First, Plaintiff disregards that the Court's lens is entirely different for a motion to dismiss. When assessing Sherwood's motion to dismiss, the Court accepted Plaintiff's complaint as true. The complaint did not indicate that Sherwood gave Plaintiff medical attention during her initial medical assessment when Plaintiff was rebooked at KCCF. Nor did the complaint express that during this assessment, Sherwood determined that the medical justifications for Plaintiff's prior detail no longer existed. So, although Sherwood's medical judgment arguments were not persuasive under the motion-to-dismiss analysis, they are persuasive here.

9

Second, Plaintiff's reliance on *Asgaard* is misplaced. Although *Asgaard* contains superficial similarities to this case, a medical judgment is notably absent in *Asgaard*. In *Asgaard*, the Court dealt with non-medical personnel's refusals to heed medical warnings. This case deals with a medical professional providing a medical examination and subsequently making a medical judgment. This dispositive difference renders *Asgaard* uninstructive to the Court's analysis in this case.

### 3. Post-Hospital Conduct

In the seventh and eighth objections, Plaintiff maintains that the magistrate judge improperly concluded that Sherwood was not deliberately indifferent when Plaintiff returned from the hospital. The Court disagrees.

The magistrate judge's decision was proper. As the magistrate judge noted, when Plaintiff returned from the hospital with treatment recommendations from the hospital's staff, Sherwood responded by ordering the recommended medical equipment. And when Sherwood was told that other prison personnel did not deliver the equipment, Sherwood responded by reordering the equipment.

These responses render Plaintiff's post-hospital deliberate indifference claim against Sherwood meritless. As the Sixth Circuit made clear in *Trozzi*, one of the requisite elements of such a claim is that "the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk." 29 F.4th at 757-58. But Sherwood did not fail to respond to Plaintiff's needs. Whether other prison staff correctly carried out her orders is an entirely different question. She is not liable for their actions unless she was aware that his serious needs were not being addressed and failed to respond. Plaintiff has not shown that to be the case.

10

### D. Plaintiff's Ninth Objection

Finally, Plaintiff objects to the magistrate judge's recommendation that the Court decline to exercise its supplemental jurisdiction and dismiss the remaining negligence claim against Sherwood. Plaintiff argues that the length of time this case has been on the federal docket, the stage at which it has reached, and the prospect of wasted judicial resources compels the Court to retain jurisdiction over the negligence count. Plaintiff rightly recognizes that length of time on the federal docket and the stage at which the case has reached has compelled some courts to retain a case. *See, e.g.*, *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284 (6th Cir. 1992) (holding that the district court's decision to exercise residual jurisdiction over a state-law claim was not an abuse of discretion in part because it developed a significant record over a two-year period). But this is not such a case.

Both comity and judicial economy favor dismissing the remaining negligence claim to avoid needlessly deciding a state-law claim. The magistrate judge keenly observed that if the Court were to exercise residual jurisdiction, this case would present several issues that could confuse a jury. Further, exercising jurisdiction would extend trial. And—distinct from *Taylor*— the negligence claim here presents complexities that outweigh any benefit the Court's exercise of residual jurisdiction would have on judicial economy.

### E. Sherwood's Partial Objection

Sherwood objects to the R&R insofar as it denies her motion for summary judgment on the negligence claim. The R&R denied summary judgment because the parties did not sufficiently address this claim. Sherwood argues that the R&R's analysis supports a finding that she was not negligent.

The magistrate judge was correct in determining that the parties did not sufficiently address the negligence claim.[2]  Further, the R&R does not entirely support Sherwood's contention that finding in her favor on the negligence claim is obvious; it simply indicates that her conduct did not reach the constitutional threshold for deliberate indifference.  That threshold requires more than mere negligence.

## IV.   CONCLUSION

For the reasons stated, the Court will grant in part and deny in part Plaintiff's objections and deny Defendant Sherwood's partial objection.  The Court will grant summary judgment in favor of Defendant Sherwood on Plaintiff's negligence claim.  The Court will decline to exercise supplemental jurisdiction over the negligence claim.  Consistent with this Opinion, the Court will enter an order dismissing Defendant Sherwood.


Dated: September 3, 2022               /s/ Hala Y. Jarbou
                                       HALA Y. JARBOU
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Additionally, although this Court is not entirely convinced that the claim still sounds in negligence rather than malpractice, Sherwood did not adequately make this argument in her discussion of negligence.